IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**DEANNA L. MCCAY,**

**Defendant.**                                          **No. 07-cr-40049-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On January 27, 2011, Defendant Deanna L. McCay filed a motion (Doc. 187) requesting that the Court divide up the $6,913.37 restitution owed equally amongst McCay's co-defendants, leaving McCay to pay a maximum of approximately $1,400.00 as opposed to potentially having to pay the full amount jointly and severally owed by McCay and the other co-defendants.  Based on the following, the Court dismisses McCay's motion for lack of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*, 517 U.S. 416 (1996)**.  The following post-judgment motions are allowed if timely filed.  Under **Federal Rule of Criminal Procedure 35**,

revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands.  Further, a **Rule 33** motion for new trial based in evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within 7 days after the verdict.  Lastly, a collateral attack under **28 U.S.C. § 2255** has a 1 year statute of limitations.

Here, McCay does not cite any case law or statute which allows the Court to consider McCay's motion.  **Rule 35** is inapplicable because this motion is brought approximately a year and a half after the sentencing and judgment (July 10, 2009), it does not appear to be brought to correct the sentence arithmetical, technical, or other clear error, and the Government has not moved to reduce the fine.   Likewise, **Rule 33** does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely brought based on other reasons.  Therefore, the only other possible procedural avenue that McCay could bring this motion under is a **§ 2255** collateral attack.  Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of **§ 2255.  *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000)**.  After reviewing the pleading, it is not clear to the Court that McCay intends to pursue a collateral attack.[1]  Because the Court finds that

---

[1] In the event that McCay wishes to file a collateral attack, the Court advises McCay to consult **28 U.S.C. § 2255**, the **Federal Rules of Criminal Procedure**, and the Court's Local Rules on how to properly file such a petition.

McCay's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

Accordingly, the Court dismisses for want of jurisdiction McCay's January 27, 2011 motion (Doc. 187).

**IT IS SO ORDERED.**

Signed this 1st day of February, 2011.

David R. Herndon
2011.02.01
09:28:16 -06'00'

**Chief Judge**
**United States District Court**